## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1710003110 |
| | ) | |
| RANDY DUNLAP, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:   December 21, 2020
Date Decided:     January 25, 2021

### ORDER

Upon consideration of Defendant's Motion for Modification of Sentence (the "Motion"),[1] the State's response, Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On August 26, 2019, Defendant pled guilty to one count of aggravated menacing and one count of terroristic threatening.[2] On September 26, 2019, Defendant was sentenced as follows: for aggravated menacing, 5 years at Level V, with credit for 221 days previously served, suspended after 18 months at Level V, for 6 months at Level IV (Work Release), followed by 1 year at Level III; and for terroristic threatening, 10 months at Level V.[3]

---

[1] D.I. 23. Unless otherwise noted, docket item citations refer to I.D. No. 1710003110.

[2] D.I. 15. On the same day, Defendant also pled guilty to one count of harassment in a separate criminal case. I.D. No. 1710007429, D.I. 18. The Court need not discuss that case, however, because Defendant's motion does not ask the Court to modify the sentence imposed in it.

[3] D.I. 18. On the same day, Defendant received a sentence for his harassment offense in the other criminal case. I.D. No. 1710007429, D.I. 20.

2. On February 27, 2020, Defendant filed a Motion for Modification of Sentence, which the Court denied on April 21, 2020.[4] On June 12, 2020, Defendant filed a second Motion for Modification of Sentence, and, on June 25, 2020, the Court denied that motion as well.[5]

3. On November 23, 2020, Defendant filed a third Motion for Modification of Sentence—the instant Motion.[6] In this Motion, Defendant writes that in February 2021, he will begin serving the Level IV (Work Release) portion of his sentence.[7] He asks the Court to modify that portion to Level IV (Home Confinement) with GPS monitoring.[8] In support, Defendant explains that this modification would allow him to work, pay his restitution, and maintain his mental health treatment.[9]

4. On December 21, 2020, the State filed a response to the instant Motion.[10] The State argues that the Court should deny Defendant's Motion pursuant to Superior Court Criminal Rule 35(b).[11] First, the State notes that Rule 35(b) forbids the Court from considering repetitive motions.[12] The State also argues that

---

[4] D.I. 19–20.
[5] D.I. 21–22.
[6] D.I. 23.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] D.I. 25.
[11] *Id.*
[12] *Id.*

Defendant's Motion is time barred because it was filed more than 90 days after Defendant's sentence was imposed and does not meet either exception to the time bar.[13]  Lastly, the State contends that Defendant will be able to work and make payments toward his restitution on Level IV (Work Release), so these reasons do not warrant modifying Defendant's sentence.[14]

5.      Superior Court Criminal Rule 35(b) governs the modification and reduction of sentences.[15]  Pursuant to Rule 35(b), a motion to modify a sentence of imprisonment must be filed no later than 90 days after the sentence is imposed.[16] That time bar does not apply here, however, because Defendant has not asked the Court to modify the Level V portion of his sentence.

6.      Nonetheless, the Court must deny Defendant's Motion because it is repetitive.  Rule 35(b) prohibits the Court from considering "repetitive requests for reduction of sentence."[17]  A motion is repetitive when it is "preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[18]  As noted

---

[13] *Id.  See* Super. Ct. R. 35(b) ("The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

[14] D.I. 25.

[15] Super. Ct. R. 35(b).

[16] *Id.*

[17] *Id.*

[17] Super. Ct. R. 35(b).

[18] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

above, Defendant has twice sought to modify the sentence imposed in this case.[19] Accordingly, the instant Motion is barred as repetitive.

7.    The Court finds that Defendant's sentence is appropriate for all of the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a modification of Defendant's sentence.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Randy Dunlap (SBI# 00180136)
       Anna E. Currier (DAG)

---

[19] D.I. 19, 21.

4